IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OSCAR MONTOYA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15 cv 3288 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| CLARENCE WRIGHT, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**JOINT INITIAL STATUS REPORT**

NOW COME the parties, by their respective counsel, and for their Joint Initial Status Report state as follows:

1. **The Nature of the Case**

    A.  The Attorneys of Record are as follows:

        i.  Melvin L. Brooks (lead trial attorney) and Daniel Watkins, representing Plaintiff Oscar Montoya

        ii. Scott M. Couch (lead trial attorney) representing Defendants Clarence Wright, Edmund Butkiewicz and Michael Lemke

    B.  All party defendants have been served in this matter.

    C.  The basis for federal jurisdiction is Plaintiff's claim under 42 U.S.C. §1983 claims and the Fourteenth Amendment for violation of Plaintiff's liberty and or property without due process of law.

    D.  The nature of the claims asserted in the complaint are as follows: On May 15, 2013, while an inmate at Stateville Correctional Center, the Plaintiff was involved in an altercation with another inmate. The incident led to Plaintiff receiving a disciplinary ticket. As a result of that disciplinary ticket, Plaintiff was placed in segregation pending a disciplinary hearing. Plaintiff alleges that certain employees of the Illinois Department of Corrections, Clarence Wright, Edmund Butkiewicz and Michael Lemke, acting under color of law, held a

disciplinary hearing to determine if Plaintiff was guilty of the allegations in the disciplinary ticket, and to determine what discipline if any Plaintiff should receive if found guilty. In conducting the hearing, Plaintiff alleges that Defendants Wright and Butkiewicz failed to give him twenty-four hour notice of the hearing and charges against him; failed to give him an opportunity to prepare a defense; failed to afford him an interpreter after Plaintiff requested an interpreter and indicated that Spanish was his first language; and failed to properly investigate the underlying altercation which was the reason for the disciplinary ticket and hearing, which deprived Plaintiff of his due process rights in violation of the Fourteenth Amendment to the United States Constitution. Upon violating the Plaintiff's right, Defendants Wright and Butkiewicz found Plaintiff guilty and recommended 6 months segregation, 6 months demotion to C Grade status and 6 months Commissary restriction.

Plaintiffs further allege that Defendant Michael Lemke, acting as Chief Administrative Officer, despite being fully aware that Defendants Wright and Butkiewicz had violated Plaintiff's due process rights, acted in concert with his fellow employees and furthered the denial of Plaintiff's constitutional rights by ratifying and approving the recommendation by Defendants Wright and Butkiewicz. Plaintiff contends that the collective conduct of the Defendants was a proximate cause of the damages he suffered.

E. The relief sought by Plaintiff Montoya is as follows: Plaintiff seeks monetary damages for the pain, suffering and emotional distress he experienced as a result of being unlawfully confined in segregation for a period of 6 months along with commissary restrictions and the denial of institutional privileges when he was demoted to C grade status during the improper term of confinement. Plaintiff further claims attorney's fees pursuant to 42 U.S.C. §1988.

2. **Case Plan**

A. Defendants Clarence Wright, Edmund Butkiewicz and Michael Lemke have filed a Motion to Dismiss Plaintiff's Amended Complaint.

B. The basis for the Motion to Dismiss filed by Defendants Clarence Wright, Edmund Butkiewicz and Michael Lemke is as follows: Defendants argue that Plaintiff has failed to state a cause of action for which relief may be granted as Plaintiff has failed to allege the violation of any protected liberty interests.

    C.    The Parties discovery plan is as follows:

        i.    The general type of discovery needed in this matter will consist of serving written discovery which will include interrogatories and production requests. The parties will need to conduct several depositions including of the named parties, at least two additional correctional employees and the inmate initially involved in the incident with the Plaintiff. The parties believe that discovery will not involve electronically stored information (ESI).

        ii.    Defendants plan on seeking a protective order regarding potential security interests of the Illinois Department of Corrections ("IDOC"), to prevent inmates, including Plaintiff, from obtaining personal information of any current or former IDOC employees.

        iii.    Parties will produce their Rule 26(a)(1) disclosures by July 8, 2016.

        iv.    Plaintiff proposes that parties issue written discovery by June 22, 2016.

        v.    Plaintiff proposes that all fact discovery be complete by September 16, 2016.

        vi.    The parties do not currently contemplate a need for expert discovery pursuant to Rule 26(a)(2).

        vii.    Plaintiff proposes that all dispositive motions will be filed by September 30, 2016.

        viii.    Defendants propose that the Court stay fact discovery while their motion to dismiss is pending

    D.    Plaintiff has made a jury demand and the parties anticipate that the trial of this matter will last for approximately three (3) days.

3.    **Status of Settlement Discussions**

    A.    Presently the parties have not engaged in settlement discussions.

B. The parties do not believe that at the present stage of the litigation where Defendants have a motion pending challenging the sufficiency of the pleadings that a settlement conference would be productive.

4. **Consent to Proceed Before a Magistrate Judge**

A. Counsel for the Plaintiff has not had an opportunity to discuss this issue with the client. Defendants do not consent to proceeding before a Magistrate Judge.

Respectfully Submitted,

/s/ Melvin L. Brooks
Melvin L. Brooks
Daniel Watkins
JAMES D. MONTGOMERY AND ASSOCIATES, LTD.
One North LaSalle Street-Suite 2450
Chicago, IL 60602
(312) 977-0200
*Attorneys for Plaintiff Oscar Montoya*

/s/ Scott M. Crouch
Scott M. Crouch
Office of the Illinois Attorney GENERAL
100 W. Randolph Street
13th Floor
Chicago, Illinois 60601
(312) 814-6122
*Attorney for Clarence Wright, Edmund Butkiewicz and Michael Lemke*

4