IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OSCAR MONTOYA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 15-cv-03288 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| CLARENCE WRIGHT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants' motion to dismiss Plaintiff's amended complaint [41] is granted in part and denied in part. Plaintiff's claim, brought pursuant to 42 U.S.C. § 1983, relating to Plaintiff's disciplinary punishment of six months segregation will go forward; the motion is denied as to that claim. Plaintiff's claims relating to his disciplinary punishment of six months of restricted access to the commissary and six months of C-Grade status are dismissed without prejudice. See accompanying Statement for details. Status hearing set for 10/13/2016 remains firm.

## STATEMENT

This case concerns alleged due process violations relating to the disciplining of a prisoner at Stateville Correctional Center ("Stateville") in Crest Hill, Illinois. Plaintiff Oscar Montoya, an inmate at Stateville, filed suit against three employees of the Illinois Department of Corrections, Clarence Wright, Edmund Butkiewicz, and Michael Lemke ("Defendants"), pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Montoya alleges that, in his disciplinary proceedings relating to an altercation he had with another inmate, Defendants failed to afford him due process of law and therefore deprived him of his constitutional rights and liberties. Before the Court is Defendants' motion to dismiss the amended complaint (Dkt. No. 41), which contends that the circumstances of Montoya's disciplinary punishment did not deprive him of any recognized liberty interests.

### I.     Background

On May 15, 2013, Montoya was involved in an altercation with another inmate.[1] (Am. Compl. ¶ 6, Dkt. No. 36.) As a result, Montoya received a disciplinary ticket requiring a disciplinary proceeding. (*Id.*) On May 24, 2013, an Adjustment Committee, comprised of Defendants Wright and Butkiewicz, held that disciplinary hearing. (*Id.* ¶ 7.) The Adjustment

---

[1] For the purposes of Defendants' motion to dismiss, the Court takes the allegations in Montoya's amended complaint as true and draws all reasonable inferences in his favor. *See, e.g.*, *MCM Partners, Inc. v. Andrews-Bartlett & Assoc.*, 62 F.3d 967, 972 (7th Cir. 1995); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

Committee found Montoya guilty and recommended that he be disciplined with six months segregation, six months of restricted access to the commissary, and six months of C-Grade status. (*Id.* ¶ 7.) On May 30, 2013, Defendant Lemke, acting as Chief Administrative Officer, reviewed the Adjustment Committee's proceedings on Montoya's ticket and approved the findings and punishment recommendations. (*Id.* ¶ 11.)

Thereafter, on April 13, 2015, Montoya filed this lawsuit. Montoya alleges that he was not given 24 hours' notice of the hearing and charges against him, and thus did not have an adequate opportunity to prepare and present a defense to those charges. Montoya—whose first language is Spanish—further claims that his request for a Spanish-language interpreter was denied. Finally, Montoya alleges that Defendants Wright and Butkiewicz did not properly investigate the altercation that gave rise to his disciplinary ticket and resulting punishment.

## II. Discussion

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To provide a defendant with "fair notice of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). In addition, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief and raise that possibility above the "speculative level." *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (explaining that *Twombly*'s pleading principles apply in all civil actions).

To plead a procedural due process claim under § 1983, a plaintiff must sufficiently allege (1) that he had a protected interest under the Fourteenth Amendment; (2) that he was deprived of that protected interest; (3) and that the deprivation was without due process. *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013). "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *see also O'Gorman v. City of Chicago*, 777 F.3d 885, 891 (7th Cir. 2015). With respect to conditions of imprisonment, "[a] liberty interest exists when prison officials restrain the freedom of inmates in a manner that[] 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Thomas v. Ramos*, 130 F.3d 754, 760 (7th Cir. 1997) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Defendants contend that Montoya's claim fails at this initial step, for Montoya's disciplinary punishment did not deprive him of anything in which he had a constitutionally cognizable liberty interest. As noted above, the punishment about which Montoya complains consisted of being placed under segregation for six months; having his access to the commissary restricted for six months; and being placed under C-Grade status for six months.

With respect to Montoya's six-month detention in segregation, the Seventh Circuit has stated that "segregation *can* trigger due process protections depending on the duration and conditions of segregation." *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009) (emphasis in original) (reversing district court's grant of motion to dismiss and remanding for inquiry of conditions of 240-day segregation); *see also Whitford v. Boglino*, 63 F.3d 527, 537 (7th Cir. 1995) (reversing district court's grant of summary judgment and remanding for inquiry of

conditions of six-month segregation). Although the Seventh Circuit has suggested that six months of segregation, standing alone, may not trigger a due process violation, the case must go forward to determine whether the conditions of Montoya's segregation were significantly altered compared to the conditions of his prior, normal incarceration. *Marion*, 559 F.3d at 698 (citing *Whitford*, 63 F.3d at 533). Indeed, in a case similar to Montoya's, the court employed the same reasoning to find that a prisoner-plaintiff who received a disciplinary punishment of six months of segregation had pleaded a recognized liberty interest sufficient to survive a motion to dismiss. *Liebich v. Hardy*, No. 11-cv-05624, 2013 WL 4476132, at *9 (N.D. Ill. Aug. 19, 2013). Nonetheless, Defendants urge this Court to dismiss Montoya's claim because the "Seventh Circuit has routinely examined cases involving segregation at Stateville and has found that conditions are not appreciably different from incarceration in the general population." (Defs.' Reply in Supp. of Mot. to Dismiss at 2, Dkt. No. 48.) The Court rejects this argument as "decidedly premature at the pleading stage." *Marion*, 559 F.3d at 699. Montoya will be given an opportunity to develop the record as to the severity of the conditions of his segregation; Defendants likewise may elicit evidence that those conditions did not rise to the level of a constitutional violation. The Defendants' motion to dismiss accordingly is denied with respect to Montoya's six-month segregation.

Concerning the other two conditions of Montoya's disciplinary punishment, Defendants note that the Seventh Circuit has held that prisoners "[do] not have a protect[able] liberty interest in [their] demotion to C-grade status and loss of commissary privileges." *Thomas*, 130 F.3d at 762 n.8. Notably, *Thomas* dealt with a considerably shorter denial of commissary privileges and demotion to C-grade status, lasting only two months. *Id.* at 757. And since *Thomas*, the Seventh Circuit has taught that "life's necessities include shelter, heat, hygiene items and clothing" and that denial of any of those necessities alone would constitute a constitutional violation. *Townsend v. Cooper*, 759 F.3d 678, 687 (7th Cir. 2014) (citing *Gillis v. Litscher*, 468 F.3d 488, 491–92 (7th Cir. 2006)). What all is entailed by the loss of commissary privileges and the demotion to C-grade status at Stateville has not been elucidated in Montoya's amended complaint. If Montoya can show an impingement on the aforementioned necessities of life, then he may be able to state a due process claim in the imposition of these conditions as well. As currently pleaded, however, he has not done so.

Thus, for the foregoing reasons, Defendants' motion to dismiss Plaintiff's amended complaint is denied with respect to Plaintiff's claims relating to his disciplinary punishment of six months segregation. However, Plaintiff's claims relating to his disciplinary punishment of six months restricted access to the commissary and six months C-Grade status are dismissed without prejudice.

Dated: September 26, 2016      _____
                               Andrea R. Wood
                               United States District Judge